UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERKLEE FACULTY UNION, <br> LOCAL 4412, AFT-MA, AFL-CIO <br><br> Plaintiff, <br><br> and <br><br> BERKLEE COLLEGE OF MUSIC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

1. The Berklee Faculty Union, Local 4412, AFT-MA, AFL-CIO (the "Union") brings this action against Berklee College of Music ("Berklee" or the "College") under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to confirm and enforce an arbitration award between the parties in the face of the College's thinly veiled attempt to circumvent the award. The Union seeks to confirm the award so it will have the force and effect of a judgment. The Union also requests that the Court sanction the College in the form of costs and attorneys' fees for taking such actions as have required the Union to seek confirmation and enforcement of the award without the College having timely sought vacatur or modification of the award.

## **PARTIES**

2. The College is an "employer" as that term is defined in 29 U.S.C. § 152(5) and employs employees within this judicial district.

1

3.  The Union is a "labor organization" within the meaning of 29 U.S.C. § 152(5) and is the exclusive bargaining representative of several bargaining units of employees of the College within this judicial district.

**JURISDICTION AND VENUE**

4.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 185.

5.  Venue in this Court is appropriate pursuant to 29 U.S.C. § 185.

**FACTS**

6.  The Union and the College were parties to a collective bargaining agreement ("CBA") in effect from September 1, 2022, through November 3, 2025. A copy of the collective bargaining agreement is attached hereto as Exhibit A.

7.  Pursuant to said collective bargaining agreement, the Union filed a grievance challenging the actions of the College in "allowing continuing students to take Berklee Online Courses for credit," which the Union alleged violated Memorandum of Understanding # 3 contained in the parties' CBA. A copy of the grievance is attached hereto as Exhibit B.

8.  After completing the preliminary steps of the grievance procedure, the Union duly filed the case for arbitration.

9.  In due course, the matter was heard by Arbitrator Michael Loconto, an arbitrator whom the parties had selected to hear the matter through the applicable rules of the American Arbitration Association, the third-party agency that the parties had negotiated to administer their arbitration process. [*See* Exhibit A at 9.]

10. Having previously determined that the matter was arbitrable, the Arbitrator issued an Opinion and Award on October 24, 2025, attached hereto as Exhibit C, finding that the

College had violated the contract as alleged when it "impermissibly diverted opportunities to teach Boston-based students away from the bargaining unit by also permitting continuing students to transfer credits earned through [Berklee Online] to satisfy their Berklee degree requirements." [*Id.* at 23.]

11. The Arbitrator ordered that the College must "immediately cease and desist from permitting continuing students enrolled on the Boston campus from transferring credits earned through the completion of Berklee Online courses for credit toward a Berklee degree." [*Id.* at 30.]

12. The College did not file a complaint to vacate or modify the Arbitrator's award within the thirty-day statute of limitations applicable to such proceedings. *See Local 2322, Int'l Bhd. of Elec. Workers v. Verizon New England, Inc.,* 464 F.3d 93, 96–97 (1st Cir. 2006) ("The practice has developed in labor arbitration cases of borrowing the forum state's law to fix the limitations period for seeking judicial review of an arbitration decision.")

13. Having noticed that the College's website continued to instruct continuing students how to transfer Berklee Online credits to satisfy their degree requirements, the Union, through its counsel, contacted the College by email of January 23, 2026, asking whether the College intends to comply with the Arbitrator's award. A copy of the email is attached hereto as Exhibit D.

14. Thereafter, on or about January 27, 2026, the College changed the information contained on the Online Course Equivalencies page of its website to remove the link for current students to seek transfer of Berklee Online courses to their degree audit and to add language stating that "[a]ll courses taken through Berklee Online are considered institutional credit. . . ." A copy of the Online Course Equivalencies page as it existed on January 25, 2026, is attached

3

hereto as Exhibit E, and a copy of the Online Course Equivalencies page as it existed on January 27, 2026, is attached hereto as Exhibit F. The current iteration of the webpage can be accessed at https://www.berklee.edu/registrar/online-course-equivalencies.

15.     As of the date of filing, the webpage of the Berklee Registrar relating to Transfer Credit contains a section entitled "Transfer Credits for Continuing/Returning Students," which contains a subsection entitled "Online Courses That Meet Berklee Program Requirements." That subsection states: "Some Berklee program requirements can be fulfilled with Berklee Online courses, which are considered institutional courses rather than transfer credits." A copy of the Berklee Registrar's webpage relating to "Transfer Credit" as accessed on February 18, 2026, at https://www.berklee.edu/registrar/transfer-credit is attached hereto as Exhibit G.

16.     As of the date of filing, despite the Arbitrator's award, the College, through this webpage, is continuing to market Berklee Online courses to continuing students to meet their degree requirements.

## COUNT I

17.     Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Court must confirm and enforce the arbitration award duly rendered between the parties issued under a valid collective bargaining agreement.

## COUNT II

18.     Because the College never sought to vacate the decision of the Arbitrator and intentionally circumvented the decision, thereby forcing the Union to file this action, the Court, using its equitable powers as articulated by the First Circuit, should impose significant sanctions against the College in the form of costs and attorneys' fees. The Union makes this request

pursuant to case law in the Circuit regarding the enforcement of arbitration awards under 29 U.S.C. § 185.

WHEREFORE, the Union respectfully requests that this Honorable Court take the following action:

(1) confirm the arbitration award attached hereto as Exhibit C;

(2) issue an order requiring the College to comply with the arbitration award by no longer offering or permitting continuing students to receive credit for courses taken through Berklee Online; and

(3) impose sanctions upon the College in the form of costs and attorneys' fees for its willful failure to comply with the duly rendered arbitration award.

Respectfully submitted,

BERKLEE FACULTY UNION, LOCAL 4412, AFT-MA, AFL-CIO

by its attorneys,

_____
Alfred Gordon O'Connell, BBO # 630456
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston, MA 02109
(617) 367-7200
agordon@pylerome.com

Date:   February 24, 2026